SMITH *v.* CONTINENTAL CASUALTY COMPANY.

Opinion delivered June 23, 1930.

*Oscar H. Winn,* for appellant.
*Cockrill & Armistead,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in refusing to give numerous instructions requested by him, but they are not sufficiently identified in the motion for a new trial with objections thereto to constitute assignments of error entitled to review here. A careful examination of the instructions given by the court discloses that the charge fully declared the law, correctly directing the jury in the proper consideration of the questions and issues submitted for their determination. The jury having found upon conflicting evidence, against appellant, upon whom the burden of proof rested to show a contract or agreement made entitling him to recover, its verdict cannot be disturbed here.

The case is unlike that of *Gibson* v. *Continental Casualty Co.,* 178 Ark. 1090, upon which appellant relies, the facts being altogether different. In that case the insurance company furnished its agent with forms of receipts containing blanks for stating dates when the insurance

should become effective, apparently authorizing him to fill in these dates and bind the company on the delivery of such receipt from the agent to the applicant for insurance. No policy was issued herein nor was any showing attempted to be made that a receipt containing any such provisions about the effective date of the policy when issued was given the applicant or any receipt at all issued to him. The burden to show the making of a contract of insurance or agreement therefor binding the insurance company to pay the amount designated was in no wise relieved against because of the difficulty thereof on account of the death of the applicant for insurance on the day his application was made, and of the agent soliciting the risk before the trial of the cause and the jury having found against appellant on conflicting evidence and the record disclosing no reversible error, the judgment must be and it is accordingly affirmed.